
**WINDELS MARX** | Windels Marx Lane & Mittendorf, LLP

windelsmarx.com

Jeffrey C. Hoffman
212.237.1018
jhoffman@windelsmarx.com

156 West 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

October 10, 2018

Honorable John Michael Vazquez
United States District Judge
Martin Luther King, Jr. Federal Bldg. & U.S.
Courthouse 50 Walnut Street, Room 4C
Newark, New Jersey 07102

      Re:    *United States v. Paul Parmar*, Criminal No. 18-8040  18-343
              <u>Bail Modification</u>

Dear Judge Vazquez:

    In our previous motion to modify Mr. Parmar's conditions of release, we related the position of Pretrial Services Officer Robert Hyde; that he does not object to converting home incarceration to home detention. We then provided a very detailed description of the modifications we were seeking, not realizing that those conditions were encompassed within the term "home detention." In light of our better understanding of the Pretrial Services Office's position, we ask the Court to adopt Mr. Hyde"s recommendation for home detention.

    The standard Order Setting Conditions of Release describes the three different "home confinement" programs and are as follows:

> Defendant is to participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.[1]
>
> ( ) (i) **Curfew.** You are restricted to your residence every day
>
> ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
>
> ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for the following: education; religious services; medical, substance

---

[1] The open parentheses are for x's signifying which of alternative conditions apply.

{11616159:1}



abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer. Additionally, employment ( ) is permitted ( ) is not permitted.

( ) (iii) **Home Incarceration.** You are restricted to your residence under 24 hour lock-down except for medical necessities, legal visits and court appearances, or other activities specifically approved by the court. For purposes of Location Monitoring, a land line telephone shall be installed in the residence prior to defendant's release. Monitoring to include 24 hour G.P.S. . . . .

As the above language shows, the proposed modifications that the Court rejected are encompassed within the home detention program that Pretrial Services has recommended.[2]

With home detention, the Pretrial Services Officer obviously has greater discretion and flexibility than he has with home incarceration when it is coupled with additional conditions. Home detention is likely to impose less of a burden on Pretrial Services.

The Bail Reform Act provides that, if conditions of release are warranted, the court should impose "the least restrictive further condition, or combination of conditions [to assure the person's appearance and the safety of the community]." 18 U.S.C. §3142(C)(1)(B). It is not unusual for conditions to change based on new information that is brought to the Court's attention. Mr. Parmar has developed a track record during the course of his release. The government argued that the proposed modifications are "inconsistent" with the Court's initial imposition of home incarceration, suggesting that an initial bail determination operates as *stare decisis*, regardless of what happens later. That is not the law. A defendant always maintains the opportunity to return to the Court and argue that a condition or conditions are no longer necessary to accomplish the statutory purposes.

---

[2] "Defendant may schedule with his Pretrial Services a date and time each week to leave his home, to take care of household and personal needs, such as food shopping, banking, medical and veterinary appointments, barber appointments, and other legitimate personal and household needs; should his or his father's circumstances warrant, he may leave his home on more than one day per week with his Pretrial Services Officer's approval of the schedule and purpose."

{11616159:1}



For all of these reasons, it is respectfully submitted that the Court should accept Pretrial Services' recommendation that home detention, rather than home incarceration, provides the appropriate set of conditions of release.

Respectfully submitted,

Jeffrey C. Hoffman

JCH:mvr

*Request for Bail Modification Denied*

*So Ordered*

10/23/2018

John Michael Vazquez, USDJ

{11616159:1}